```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA              :

         - against -                  :

DAVID B. CHALMERS, JR.,               :
OSCAR S. WYATT, JR.,
JOHN IRVING,                          :      MEMORANDUM DECISION
LUDMIL DIONISSIEV,
CATALINA del SOCORRO MIGUEL           :      S5 05 Cr. 59 (DC)
FUENTES, a/k/a "Cathy Miguel,"
MOHAMMED SAIDJI,                      :
BAYOIL (USA), INC.,
BAYOIL SUPPLY & TRADING LIMITED,      :
NAFTA PETROLEUM COMPANY LIMITED,
MEDNAFTA TRADING COMPANY LIMITED,     :
and SARENCO, S.A.,
                                      :
              Defendants.
                                      :
- - - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/07

**APPEARANCES:**   (See last page)

**CHIN, D.J.**

The Government moves pursuant to § 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3 ("CIPA"), the Security Procedures established by the Chief Justice of the United States for the Protection of Classified Information, Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the Court's general supervisory authority for a protective order governing the disclosure and dissemination of classified information and documents in this case. The motion is granted in part and denied in part.

Defendants do not object to the entry of a protective order, except that defendant Oscar S. Wyatt, Jr. objects to three aspects of the Government's proposed protective order (the "Proposed Order").  I discuss each objection in turn.

1.   Paragraph 19 of the Proposed Order enjoins Wyatt from disclosing "any classified information" that he "may be in possession of" to any unauthorized person.  Wyatt objects on the ground that the provision is intended to prohibit him from publicly disclosing classified information that he may have obtained independently of this case.  He claims that under § 3 of CIPA the Government may not prevent such disclosure.

Section 3 of CIPA provides that the Court "shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States."  18 U.S.C. App. 3 § 3.  Thus, on its face, § 3 of CIPA does not appear to apply to public disclosure of classified information that a defendant acquires outside the context of his criminal case.  In examining the legislative history of CIPA, the Second Circuit in <u>United States v. Pappas</u>, 94 F.3d 795, 800 (2d Cir. 1996), noted the following from the Senate Judiciary Committee's Report:

> If the defendant already had classified materials in his possession, such a protective order can prevent disclosure in connection with the trial but it cannot be expected to reach disclosure outside the trials.  Federal criminal statutes apply to such disclosures.

Id. (quoting S. Rep. 96-823, at 6 (1980), as reprinted in 1980 U.S.C.C.A.N. 4294, 4299)).  It further noted the following section of the Report of the House Permanent Select Committee on Intelligence:

> It has been held that the trial court has broad discretion in prohibiting disclosure by the defendant of information obtained by the defendant through use of the court's processes, such as through discovery.  A prohibition in this area can extend to out-of-court disclosures and to post-trial disclosures.  The court's authority is narrowed where the information at issue was in the possession of the defendant before the trial began and was not obtained by the defendant with the aid of the court.  In this area, the court's authority to prohibit disclosure extends only to a regulation of what may be said or introduced in the trial context.

Id. (quoting H.R. Rep. No. 96-831, pt. 1, at 13-14 (1980) (footnote omitted)).  The Second Circuit then explained the scope of the prohibitions set forth in § 3 as follows:

> [I]nformation conveyed by the Government to the defendant in the course of pretrial discovery or the presentation of the Government's case may be prohibited from disclosure, including public disclosure outside the courtroom, but information acquired by the defendant prior to the criminal prosecution may be prohibited from disclosure only "in connection with the trial" and not outside the trial.

Id. at 801.  On facts similar to those here, the Second Circuit held in Pappas that the district court was not authorized to issue a protective order prohibiting the defendant from publicly disclosing, outside the court proceedings, information that he had obtained prior to initiation of his criminal case.  Id.

Accordingly, Wyatt's objection is sustained, for Pappas makes clear that § 3 of CIPA does not apply to public disclosure of classified information that Wyatt may have obtained independently of this case.  This ruling does not, however, release Wyatt from any contractual or other legal obligations imposed when he first acquired such information.  See id. at 802 (holding that public disclosure of previously acquired information may be prohibited by contract, e.g. confidentiality agreement).  If any such obligations exist, Wyatt is bound by them; this ruling does not release him from any such obligations or any other obligations imposed by law.

To the extent that Wyatt seeks to introduce at trial any classified information he obtained outside this case, in accordance with Pappas and the intent of Congress as discussed above, Wyatt must comply with CIPA, and this Court can, and will, regulate "what may be introduced in the trial context."[1]  Id. at 800.  The Court cannot, however, regulate Wyatt's handling of this information outside the context of this case.

2.  Paragraph 18 of the Proposed Order limits access to classified information on the defense side to counsel and "any later cleared employees of counsel" or "cleared defense witnesses."  Specifically, paragraph 18 provides: "In the interest of national security, the defendants may be excluded from access to certain classified information."  Subparagraph

---

[1] The Government has today moved to strike Wyatt's notice pursuant to § 5 of CIPA.  I do not decide this motion now, as Wyatt has not yet had an opportunity to respond.

18(g) states: "If counsel for the Government advises defense counsel that certain classified information or documents may not be disclosed to the defendant, then defense counsel, employees of defense counsel, and defense witnesses shall not disclose such information or documents to the defendant without prior concurrence of counsel for the Government or, absent such concurrence, prior approval of the Court."

Wyatt objects to this provision, arguing that it would violate his rights under the Fifth and Sixth Amendments to the Constitution. (Wyatt Mem. at 3, 8-9). The objection is overruled. First, Wyatt apparently does not have the requisite security clearance to access the classified information at issue. Second, the burden imposed is not a heavy one. The restriction does not apply to all classified information, but only classified information the Government reasonably and in good faith believes will present a national security risk if disclosed to defendants. Morever, if there is classified information that defense counsel wish to share with their clients and the Government has not consented, counsel may ask the Court for relief at that time.

3. Finally, Wyatt objects to a number of provisions in the Protective Order that he contends are "vague, ambiguous and overbroad." (Wyatt Mem. at 11). I agree that the some of the provisions to which he objects are unclear, and I agree further that the Proposed Order should be clear, specific, and precise. The parties are to confer as to the appropriate language; if the parties cannot agree on the language, then they

may submit competing versions of the Protective Order for the Court's review.

        SO ORDERED.

Dated:    New York, New York
            February 27, 2007

                                      DENNY CHIN
                                      United States District Judge

**APPEARANCES**

For the United States:

    MICHAEL J. GARCIA, Esq.
    United States Attorney for the
      Southern District of New York
        By:  Edward O'Callaghan, Esq.
            Stephen Miller, Esq.
            Michael Farbiarz, Esq.
            Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, New York  10007

For Defendants David B. Chalmers, Jr., Ludmil Dinoissiev, Bayoil (USA), Inc., and Bayoil Supply & Trading Ltd.:

    JENNER & BLOCK LLP
      By:  Andrew Weissmann, Esq.
          Stephen L. Ascher, Esq.
          Harry Sandick, Esq.
    919 Third Avenue
    New York, New York 10022

For Defendant Oscar S. Wyatt, Jr.:

    CANALES & SIMONSON
      By:  J.A. Canales, Esq.
    P.O. Box 5624
    Corpus Christi, Texas  78465

    THE PARKER LAW FIRM
      By:  Carl A. Parker, Esq.
    1 Plaza Square
    Port Arthur, Texas  77642

    ROPES & GRAY LLP
      By:  Samuel J. Buffone, Esq.
          Yolanda Hibbler, Esq.
    One Metro Center
    700 12th Street, N.W.
    Washington, DC  20005

    GERALD L. SHARGEL, ESQ.
    570 Lexington Avenue
    New York, New York  10022